# IN THE COURT OF COMMON PLEAS WARREN COUNTY, OHIO

William Darrell Petrey
5541 State Route 350
Clarksville, Ohio 45113
Plaintiff,

Case No. 25CV98960

v.

Judge: Donald E. Oda

David Milender Esq.
5212-A Kings Mill Road #507
Mason, Ohio 45040
Defendant.

## FIRST AMENDED COMPLAINT FOR DAMAGES

### (42 U.S.C. § 1983, Retaliation, Abuse of Process, Marsy's Law Violations, and More)

**NOW COMES Plaintiff, William Darrell Petrey ("Plaintiff"), pro se, and for his First Amended Complaint against Defendant David Milender ("Defendant"), alleges as follows:**

## INTRODUCTION

1. Plaintiff brings this action to redress ongoing violations of his constitutional rights, abuse of public authority, and retaliatory misconduct by Defendant, a former Assistant County Prosecutor, including malicious prosecution, weaponized court processes, unlawful law enforcement deployment, and suppression of protected victim advocacy under Marsy's Law. Defendant's abuse of authority occurred during the pendency of federal litigation involving Plaintiff in *Petrey v. City of Wilmington*, Case No. 1:23-cv-00490 (S.D. Ohio), a civil rights suit that resulted in a $295,000 settlement for false arrest and constitutional violations relating in part to the Casey Pitzer case. Defendant's actions thus occurred in the shadow of ongoing litigation and inflicted further harm and intimidation on Plaintiff while he was already engaged in a stressful legal battle involving related cases, facts, and parties.

1

## PARTIES

2. Plaintiff William Darrell Petrey is a resident of Ohio, and the duly appointed Marsy's Law victim representative and legal power of attorney for Greg Pitzer and Ashten Turner, the father and son of deceased victim Casey Lynn Pitzer.

3. Defendant David Milender is a former Assistant Prosecutor of Clinton County, Ohio, and at all times relevant acted under color of state law and within the scope of his authority as a public official.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1367** (supplemental jurisdiction). Venue is proper in this Court pursuant to **Civ.R. 3(C)** and **R.C. 2307.382** because a substantial part of the events or omissions giving rise to the claims occurred in both Warren County and Clinton County, Ohio, and Defendant resides or resided within this jurisdiction.

## FACTUAL ALLEGATIONS

5. Plaintiff incorporates by reference all prior allegations as if fully rewritten herein.

6. On or about November 20, 2023, Plaintiff emailed Defendant Milender a comprehensive report detailing serious crimes, misconduct, and evidentiary links related to the suspicious deaths of Casey Pitzer and Marvin "Andy" Napier. The report included forensic analysis, polygraph results, photographic and video evidence, witness affidavits, and documentation of misconduct by Clinton County officials. Plaintiff demanded prosecutorial review, referrals to relevant agencies, and preservation of evidence. Defendant never responded, and no investigative or prosecutorial action was taken.

7. On a subsequent visit on 11/15/2023 to the Clinton County Coroner's Office, as seen in video *Exhibit 10*, Plaintiff and Greg Pitzer, acting in their legal capacity as Marsy's Law victims and representatives, sought to verify the completeness of the coroner's file on Casey Pitzer by comparing it with previously obtained documents.

8. During this peaceful interaction, Clinton County Coroner Investigator Gary Garrison placed a phone call to Defendant Milender, who then instructed him to call the police on Plaintiff and Mr. Pitzer, despite no evidence of any illegal or disruptive conduct.

9. The incident was captured on both video and audio recording, clearly showing that there was no legal or factual justification for involving law enforcement. The call was retaliatory, abusive, and intended to intimidate and deter Plaintiff from exercising his rights under Marsy's Law and the Ohio Public Records Act. Notably, the call was made only after Defendant was informed that the requested death records had already been retrieved and were available at the Coroner's Office. Nevertheless, Defendant intervened and stated, "*They are not entitled to inspect them today.*" Effectively, this meant: *"A grieving father is not entitled to inspect his deceased child's death records at a public office, even after those records have been compiled, prepared, and laid out on the table for review."*

2

10. Defendant's actions are consistent with a broader pattern of retaliation and obstruction. On September 29, 2023, Defendant issued a public records denial letter (*Exhibit 13*), invoking statutory exemptions under **R.C. § 149.43**, attorney-client privilege, and work product doctrine. However, the denial letter failed to disclose a critical fact: current Prosecutor Brian Shidaker has publicly confirmed that all prosecutorial records concerning the Casey Pitzer case prior to 2022 are missing from the Clinton County Prosecutor's Office. This includes at least seven subpoenaed phone records from 2013, which are now unaccounted for.

11. The concealment or unexplained loss of these records raises serious concerns under **R.C. § 2913.42 (Tampering with Records)**. Defendant also failed to recognize Plaintiff's legal status as a Marsy's Law representative, failed to acknowledge the next-of-kin entitlement to these records, and made no effort to facilitate lawful access or transparency.

12. On November 17, 2023, during a court hearing involving Greg Pitzer, Plaintiff and Defendant were present in the courtroom and the Plaintiff was invited by the court bailiff to come forward and sit with Mr. Pitzer. After Plaintiff informed the judge that he was not an attorney, the judge expressly allowed Plaintiff to assist Mr. Pitzer during the hearing. Plaintiff's participation was authorized and observed by court staff.

13. Shortly thereafter, Defendant Milender filed an exaggerated disciplinary complaint against Plaintiff with the Supreme Court Disciplinary Counsel claiming Plaintiff was representing Greg Pitzer as an attorney. This complaint appears retaliatory, as Plaintiff's conduct had been explicitly permitted by the court and Plaintiff had already clarified his role. The Disciplinary Counsel ultimately declined to pursue formal action, citing the court's invitation, Plaintiff's clarification, and mitigating circumstances.

## CLAIMS FOR RELIEF

### COUNT I – MALICIOUS PROSECUTION

14. Defendant initiated or influenced a civil stalking protection order against Plaintiff without probable cause.

15. The action was initiated for a retaliatory and improper purpose.

16. The petition was ultimately denied, and Plaintiff suffered damages as a result of the filing.

### COUNT II – ABUSE OF PROCESS (CSPO)

17. Defendant misused the CSPO legal process to abuse, harass, and silence Plaintiff for exercising protected rights.

18. The process was used not for legitimate legal redress but to retaliate against Plaintiff's public records advocacy and involvement in the Casey Pitzer case.

3

**COUNT III – CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)**

19. Defendant, acting under color of law, deprived Plaintiff of constitutional rights through selective enforcement, intimidation, and retaliation.

20. These acts interfered with Plaintiff's rights to free speech, association, and petition under the First and Fourteenth Amendments.

**COUNT IV – VIOLATION OF MARSY'S LAW**

21. Plaintiff served as a duly authorized Marsy's Law representative (currently and retroactively) and legal agent for next of kin.

22. Defendant's actions—including denial of records, law enforcement deployment, and a highly-exaggerated disciplinary referral—violated Plaintiff's rights and obstructed the next of kin's legal access, dignity, and advocacy rights.

**COUNT V – RETALIATION (42 U.S.C. § 1983)**

23. Plaintiff engaged in protected activity, including reporting misconduct, public records requests, and courtroom assistance with judicial approval.

24. The Defendant's intimidation tactics—including police deployment, disciplinary complaint, civil stalking protection order—were motivated by retaliation and chilled and restricted Plaintiff's constitutionally protected conduct.

**COUNT VI – ABUSE OF PROCESS (CORONER INCIDENT)**

25. Defendant directed Coroner staff to involve law enforcement against Plaintiff and Greg Pitzer during a lawful public records inspection. Defendant lacked lawful reason and probable cause to initiate such a command against citizens asking for records that rightfully belong to them.

26. This action constituted a misuse of authority, lacked legal justification, and caused intimidation and reputational harm.

**COUNT VII – VIOLATION OF MARSY'S LAW (CONTINUED)**

27. Defendant's obstruction of records access and targeted retaliation against Plaintiff's lawful advocacy directly harmed the victims' next of kin and obstructed investigatory review into Casey Pitzer's death. The Defendant's egregious actions and lack-of-action has unfairly hindered the family's ongoing independent investigation.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court:

**A. Award compensatory and punitive damages in an amount to be determined at trial;**

**B. Declare that Defendant's conduct violated Plaintiff's constitutional and statutory rights;**

**C. Order injunctive or declaratory relief as the Court deems appropriate;**

**D. Award costs and any additional relief the Court finds just and proper.**

## EXHIBITS

**Exhibit 11** – Certified transcript of the June 11, 2023 Civil Stalking Protection Order (CSPO) hearing in *Milender v. Petrey*. Due to file size, this exhibit is provided via secure ShareFile link and/or USB drive.

**Exhibit 12** – Magistrate's Decision in Milender v. Petrey, Case No. 24CS004613, granting Plaintiff's motion to unseal records.

**Exhibit 13** – September 29, 2023 denial letter from Defendant Milender regarding public records request.

**Exhibit 14** – November 18, 2023 email from Plaintiff to Milender objecting to unlawful police involvement at Coroner's Office.

**Exhibit 15** – November 20, 2023 email from Milender asking Plaintiff to confirm legal representation.

**Exhibit 16** – Plaintiff's reply email of November 20, 2023 explaining POA status and reaffirming non-attorney role.

**Exhibit 17** – Plaintiff's second email on November 20, 2023 highlighting misconduct and renewed records request.

**Exhibit 18** - Plaintiff's November 20, 2023 email to Defendant Milender, containing multiple Google Drive share-links with extensive evidence supporting a homicide determination in the Casey Pitzer case and documenting a pattern of systematic cover-ups. The email was ignored by Defendant despite its relevance to an ongoing public interest investigation.

**Exhibit 19** – Clinton County Sheriff's Office Incident Report from November 15, 2023 dispatch to Coroner's Office.

**Exhibit 20** – Audio recording of Coroner Investigator Gary Garrison's call to law enforcement at Defendant's direction.

Respectfully submitted,

**William Darrell Petrey**
Pro Se Plaintiff
5514 State Route 350
Clarksville, Ohio 45113
**darrell@wehelpothers.com**

DATED: May 30, 2025

## CERTIFICATE OF SERVICE:

I certify that a copy of the foregoing was served via regular U.S. mail and/or electronic service on **May 30, 2025** to:

**Jeffrey A. Stankunas, Esq.**
Isaac Wiles Burkholder & Miller, LLC
2 Miranova Place, Suite 700
Columbus, OH 43215   email: **jstankunas@isaacwiles.com**

**Due to size: To View Exhibit 11 - Certified Transcript of *Milender v. Petrey Case* No. 24CS004613, see, copy, paste Google Drive Share Link in browser search:**

https://drive.google.com/file/d/1zkKb_NWP6Q0LbpwpFPyoHsyYf55rK_Xv/view?usp=sharing



**IN THE COURT OF COMMON PLEAS**
**STATE OF OHIO, COUNTY OF WARREN**
**GENERAL DIVISION**

| | | |
|---|---|---|
| DAVID MILENDER, | : | CASE NO. 24CS004613 |
| | : | |
| | : | JUDGE TIMOTHY N. TEPE |
| **Petitioner,** | : | **Magistrate Markus L. Moll** |
| | : | |
| v. | : | |
| | : | **MAGISTRATE'S DECISION** |
| WILLIAM DARRELL PETREY, | : | **AND INSTRUCTIONS FOR** |
| | : | **SERVICE** |
| **Respondent.** | | |

Pending before the Court is Respondent's motion to unseal records. For the following reasons, the Court hereby **GRANTS** Respondent's motion to unseal records in part and **DENIES** the request to "restore public access."

### *Procedural Posture*

Petitioner filed a petition for a civil stalking protection order on March 27, 2024. *See Docket.* On the same day, this Court granted an ex-parte order for the benefit of Petitioner. This matter proceeded to a trial and ultimately this Court denied Petitioner's petition for a civil stalking protection order. This Court, by way of *sua sponte* order, and in accordance with R.C. 2903.214(G)(2), sealed the above captioned case. *See December 16, 2024 Entry.* Now, Respondent has filed a motion to unseal this case, arguing the unsealing of this case would "assist in future litigation that may be brought forth by Respondent." Petitioner opposes the unsealing of this matter.

1

*Analysis*

Open Courts Provision

The Ohio Constitution commands that "[a]ll courts shall be open." Ohio Const., art. I, 16. Ohio law has long understood this "open courts provision" to encompass a right of the public not only to attend court proceedings but also to access the records of such proceedings. The open courts provision has been part of the Ohio Constitution since the State's founding. *See 5 Thorpe, The Federal and State Constitutions, Colonial Charters, and Other Organic Laws* 2910 (1909). Ohio's provision can be traced directly to the 1682 Frame of Government of the Colony of Pennsylvania and Laws Agreed Upon in England, signed by William Penn, which is the "historical origin of the concept of 'open court' in the United States." *E.W. Scripps Co. v. Fulton*, 100 Ohio App. 157, 170-178 (8th Dist. 1955) (Hurd, J., concurring). "That all courts shall be open, and every person for an injury done him in his lands, goods, person, or reputation shall have remedy by the due course of law, and right and justice administered without denial or delay." William Penn himself derived this provision from "the traditions of Magna Carta." *Howard, The Road from Runnymede* 88, 293 (1968). *Thorpe* at 3060. A similar open courts provision was then included in the Pennsylvania Constitutions of 1776 and 1790, before being adopted in modified form into the Kentucky Constitution of 1792 and remaining unchanged in the Kentucky Constitution of 1799. As with many other provisions of Ohio's first Constitution, the open courts provision was copied almost verbatim from Kentucky's Constitution. See *Barnhart, Valley of Democracy* 158 (1953); *Steinglass & Scarselli, The Ohio Constitution* 23-24 (2d Ed. 2022). The 1802 open courts provision was incorporated almost unchanged into the 1851 Ohio Constitution. See Ohio Const., art. I, § 16 (There is no mention in the records of either the 1802 or the 1851 Constitution of any discussion or debate about the provision.).Ohio's open courts provision is one of the oldest open courts provisions in the country. *Howard* at 484-485.

Historically, in construing the open courts provision, Ohio Courts have recognized that it encompasses a right of the citizenry "to observe the administration of justice." *State ex rel. The Repository v. Unger*, 28 Ohio St.3d 418, 420 (1986). Ohio Courts have also traditionally understood that the provision grants a "right of access," which "includes both the live proceedings and the transcripts which document those proceedings." *State ex rel. Scripps Howard Broadcasting Co. v. Cuyahoga Cty. Court of Common Pleas*, 73 Ohio St.3d 19, 21 (1995); see also *In re Disqualification of Celebrezze*, 2023-Ohio-4383, ¶ 49. While the right of access is not

2

"absolute," courts have held that court proceedings are presumptively open and that any attempt to close the courts by sealing records or limiting attendance must be balanced against the public's interest. *Unger* at 421; *State ex rel. Cincinnati Enquirer v. Winkler,* 2004-Ohio-1581, ¶ 9-11, superseded by statute on other grounds as stated in *Celebrezze.* The open courts provisions is premised on the notion that "the people have the right to know what is being done in their courts." *State v. Hensley,* 75 Ohio St. 255, 266, 79 N.E. 462 (1906). After all, "[t]he courts belong to the people" and "[i]f we deny to the public and press access to courts of justice, we foster a system of jurisprudence heretofore unknown in the history of Ohio." *Fulton,* 100 Ohio App. at 177-178, 125 N.E.2d 896 (Hurd, J., concurring).This long established principle of "open courts" has also been codified in the Ohio Rules of Superintendence. See Sup. R. 45(A) ("Court records are presumed open to public access").

Notwithstanding this constitutional history, the Ohio legislature has passed a statute that requires the Court of Common Pleas to seal ex parte order issued under R.C. 2903.214(G)(2) if the Court refuses to grant a full protection order. R.C. 2903.214(G)(2) states in pertinent part:

> If as provided in division (G)(1) of this section an order issued under this section, other than an ex parte order, refuses to grant a protection order, the court, on its own motion, shall order that the ex parte order issued under this section and all of the records pertaining to that ex parte order be sealed after either of the following occurs:
> (a) No party has exercised the right to appeal pursuant to Rule 4 of the Rules of Appellate Procedure.
>
> (b) All appellate rights have been exhausted.

### *N.S. v. M.S,* 2024-Ohio-6020(8th Dist).

Ohio law is very scant on the issue of unsealing a case that has been sealed under R.C. 2903.214. The only case the undersigned was able to locate that discussed the unsealing of records under R.C. 2903.214 is *N.S. v. M.S.,* 2024-Ohio-6020 (8th Dist.). The *N.S.* Court held that "the trial court [ ] does not have discretion to unseal records after the records have been sealed as mandated by R.C. 2903.14(G)(2)." *Id.* at ¶ 24. "The court has no authority to judicially create exceptional circumstances for unsealing a properly sealed record when none are provided by the legislature." *Id.* In reaching this conclusion, the *N.S.* Court relied on *State v. Vanzandt,* which held that a court does not have discretion to create additional exceptions to permit access to sealed records for the purpose of expungement. *State v. Vanzandt,* 2013-Ohio-2290 (1st Dist.).

3

The *N.S.* Court stated:

While there is no case law directly addressing the issue presented in this case, the Supreme Court of Ohio's decision in *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, provides guidance in our review of the issue. In *Vanzandt*, the defendant was indicted on drug offenses but subsequently acquitted by a jury. He moved to seal the record of his acquittal pursuant to R.C. 2953.52, and the trial court granted his motion. Soon after his case was sealed, he allegedly retaliated against the confidential informant. The State then asked the trial court to unseal the drug case for the limited purposes of use by the State in its retaliation case against the defendant. The trial court unsealed the record.

On appeal, the defendant argued that the trial court erred in unsealing his record because the court lacked explicit statutory authority to do so. The First District disagreed. It noted that "[t]here is nothing in the statutory scheme that addresses the question of whether, in a case like ours, a trial court that has sealed records retains the power to unseal the records and to allow their use outside the confines set forth in R.C. 2953.53(D)." *State v. Vanzandt*, 2013-Ohio-2290, 990 N.E.2d 692, ¶ 1 (1st Dist.). While there are no statutory provisions allowing for the unsealing of the record under the circumstances of the case, the First District held that the trial court possessed "inherent authority to unseal records that have been sealed, and may exercise that authority in unusual and exceptional cases." *Id.* at ¶ 1.

The Supreme Court of Ohio reversed the appellate court's decision. It framed the issue for consideration as "whether a court has discretion to unseal records of criminal proceedings for purposes other than those provided in R.C. 2953.53(D)." *Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, at ¶ 1. Answering the question negatively, the Court held that "the court does not have discretion to create additional exceptions to permit access to sealed records[.]" *Id.* In its syllabus, the court stated that "[w]hen a statutory provision imposing a mandatory obligation has specifically enumerated exceptions, a court does not have discretion to create additional exceptions." *Id.* at paragraph one of the syllabus.

However, *Vanzandt* clearly held that "[w]hen a statutory provision imposing a mandatory obligation **has specifically enumerated exceptions**, a court does not have direction to create *additional* exceptions."(emphasis added). *Vanzandt*, 2015-Ohio-236 at paragraph one of the syllabus. The statute at issue, 2903.214(G) contains the word "shall," which connotes a mandatory obligation. *Wilson v. Lawrence*, 150 Ohio St.3d 368, 2017-Ohio-1410. Pursuant to R.C. 2903.215(G), the trial court is required to, *sua sponte*, seal the record of the ex parte order when the party does not appeal from the trial court's decision not to grant the full protection order. However, upon review, 2903.214 does not contain any specifically enumerated exceptions. *See*

4

R.C. 2903.214. Thus, following the guidance in *Vanzandt*, this Court has the authority to unseal civil stalking records, as this statute does not have specific enumerated exceptions.

To hold a blanket provision, due to the legislature not providing enumerated exceptions in a statute, allows a statutory enactment to trump a the constitutionally protected right to open courts as discussed above, which is not permissible. *See State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029. As Ohio's Constitution protects public access to court proceedings further than the United State Supreme Court's interpretation of free speech and freedom of the press, and there is a presumption of public access to court proceedings, a blanket prohibition to unseal a civil stalking case as outlined in *N.S.* flies in the face of historical and constitutional precedent. *State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029 at ¶ 39. Thus, this Court does not find *N.S.* to be persuasive or a proper recitation of this State's jurisprudence.

Other Precedent

In *Schussheim v. Schussheim*, 2013-Ohio-4529, the Ohio Supreme Court analyzed the sealing of a civil protection order case where unusual and exceptional circumstances existed because the complainant who originally filed for the CPO subsequently filed a motion to dissolve it and thereafter provided an affidavit in support of the application to expunge and seal the records pertaining to it. The Supreme Court held that "[c]ourts have the inherent authority to expunge and seal records when a case involves unusual and exceptional circumstances and when the interests of the party seeking expungement outweigh the legitimate need for the government to maintain the records." *Id.* at ¶ 17.

The *Schussheim* holding was issued prior to the enactment of R.C. 2903.214(G)(2), which declined to adopt the Supreme Court's "unusual and exceptional circumstances" test. *See A.L.R. v. R.L.R.*, 2020-Ohio-3241, ¶ 14 (11th Dist). Further, *Schussheim* involves the *sealing* of a CPO case. However, because R.C. 2903.214 does not contain any statutory guidelines or prohibitions for the *unsealing* of a CPO case, the undersigned finds the analysis of *Schussheim* to be instructive and establishes that this Court has the discretion to decide this matter and the inherent authority to unseal CPO records where unusual and exceptional circumstances exist. The case at bar involves unusual and exceptional circumstances and the undersigned finds that the interest of Respondent in unsealing of the records outweighs any legitimate need to maintain the record as sealed. This case involves a Petitioner, who at all times relevant, was employed as a Clinton County Prosecutor,

5

and was acting in said capacity. The Respondent, a private citizen, was contacting Petitioner in that capacity.

Ultimately, Petitioner affirmatively chose to bring this litigation against Respondent. Respondent successfully defended the litigation and was the prevailing party at the trial and objection level. This is not a typical case where Respondent is attempting to ensure the records stay sealed due to false allegations against him. Instead, this is a case where Respondent successfully defeated the allegations against him and now needs to utilize the documents of this case for the purpose of other civil actions. *See Respondent's memorandum in support of unsealing.* Petitioner takes issue with Respondent having access to this case due to Respondent sharing records related to this matter on his social media pages and publishing the full unredacted petition in its entirety. The undersigned finds that Petitioner's interest in keeping this matter sealed is de minimis. The interest of Respondent outweighs the legitimate interest of the government and/or Petitioner of keeping this record sealed.

However, the undersigned does not find it appropriate to unseal the entirety of the case. These civil stalking cases are open to the public during the pendency of litigation. However, these cases are not accessible from an online platform. That will not be changed with this order.

Additionally, Ohio law is very clear and provides a heavy interest in protecting the identities of minor children. The minors at issue are listed as protected parties in the ex-parte order. Their names and date of births shall not be unsealed.

### Magistrate's Decision

It is hereby the decision of the Magistrate that the above captioned case be **UNSEALED** with the following guidelines: (1) This case shall only be accessible from the Warren County Clerk of Court, and shall not be accessible through any online portal – as is customary with every other civil stalking protection order case in this County and (2) any and all names, date of births, or other identifying information regarding minor children shall be redacted.

**IT IS SO ORDERED.**

**Magistrate Markus L. Moll**
**Warren County Court of Common Pleas**

## NOTICE TO PARTIES

The parties shall take notice that, pursuant to Civ.R. 65.1(F)(3)(d), a party may file written objections to a court's adoption, modification, or rejection of a magistrate's denial or granting of a protection order after a full hearing, or any terms of such an order, within fourteen (14) days of the court's filing of the order. If any party timely files objections, any other party may also file objections not later than ten (10) days after the first objections are filed.

The timely filing of objections under Civ.R. 65.1(F)(3)(d) does not stay the execution of this order.

### INSTRUCTIONS TO THE CLERK FOR SERVICE OF MAGISTRATE'S DECISION PURSUANT TO CIVIL RULE 5

**MAGISTRATE MARKUS L. MOLL**

To the Clerk:

Please serve a copy of the Magistrate's Decision on all parties of record in accordance with Civ. R. 5.

7

*13*

 **Gmail**

Darrell Petrey <darrell@wehelpothers.com>

## Clinton County Prosecuting Attorney's Office Public Records Response

Milender, David <dmilender@clintonctyprosecutor.com>          Fri, Sep 29, 2023 at 9:27 AM
To: "darrell@wehelpothers.com" <darrell@wehelpothers.com>
Cc: "McCoy, Andrew T." <amccoy@clintonctyprosecutor.com>, "Shoemaker, Kelly L."
<kshoemaker@clintonctyprosecutor.com>

Greetings Mr. Petrey,

Attached is a letter and relevant responsive records for your recent public records request submitted to our office on
August 23, 2023.

Please let us know if you have any questions, but note that our office cannot provide legal advice to members of the
public.

Sincerely,

**David E.S. Milender**

Assistant Prosecuting Attorney

Clinton County Prosecuting Attorney

103 E. Main Street

Wilmington, OH 45177

(937) 382-4559

dmilender@clintonctyprosecutor.com

### 2 attachments

📄 **D.Petrey Request Response 9.29.23.pdf**
195K

📄 **D.Petrey Docs A01 to A0295.pdf**
16036K

**OFFICE OF THE**
**PROSECUTING ATTORNEY**
**CLINTON COUNTY, OHIO**



September 29, 2023

Mr. Darrell Petrey
By Email at darrell@wehelpothers.com

Re: "Records Request RE: Casey Pitzer" Submitted on August 23, 2023 by Email

Dear Mr. Petrey:

Our office is in receipt of your emailed records request submitted on August 23, 2023, wherein you requested "the Prosecutor's records, investigative reports, mandatory coroner records, videos, photos, and casefile on Casey Pitzer and her 2013 death investigation. I would like the emails from 2013 to present, that were sent and received, within the Prosecutor's email database that include the name 'Pitzer' or 'Casey Pitzer' or 'Greg Pitzer'," in addition to other requests for documents and records. Pursuant to R.C. § 149.43 and the Clinton County Commissioners Public Request Policy dated April 25, 2022, the Clinton County Prosecuting Attorney's Office ("CCPO") is able to provide responsive records to your request and also denies your request in part as explained further below. To the extent records are not available, we ask that you resubmit your request and better specificity which record(s) you seek to inspect or copy and further submit your request to the agency or office that is the custodian of the records you seek.

Our office has interpreted your request to consist of the following five (5) component requests for records, and responds to those requests below in **bold**:

1. "[T]he Prosecutor's records, investigative reports, and casefile on Casey Pitzer and her 2013 death investigation, mandatory coroner records, videos, photos."
**This request includes a request for records that may be subject to attorney-client privilege and attorney work product. To the extent such records are requested, the request is denied pursuant to R.C. §§ 149.43(A)(2)(c) and (A)(4). Additionally, this request is a duplicate of other requests previously submitted by Mr. Petrey to the CCPO with such records having already been provided. All other responsive records in possession of the CCPO are attached and**

1 of 3

included in documents A01 to A0295. For purposes of clarification, in its review of Ms. Pitzer's death, CCPO staff reviewed the casefiles and records of the Clinton County Coroner's Office and the Wilmington Police Department, with such records being in those agencies' possession and custody and not retained by the CCPO. Accordingly, your request for such additional records not provided herein are denied and should be submitted to the relevant record custodian office or agency.

2. "[E]mails from 2013 to present, that were sent and received, within the Prosecutor's email database that include the name 'Pitzer' or 'Casey Pitzer' or 'Greg Pitzer'." **This request includes a request for records that are subject to attorney-client privilege and are attorney work product. To the extent such records are requested, the request is denied pursuant to R.C. §§ 149.43(A)(1)(v), (A)(2)(c), (A)(4), and R.C. § 2317.02(A).** *See State ex rel. Dawson v. Bloom-Carroll Local Sch. Dist.*, **131 Ohio St. 3d 10, 2011-Ohio-6009, 959 N.E.2d 524, ¶ 27, quoting** *State ex rel. Besser v. Ohio State Univ.* **(2000), 87 Ohio St.3d 535, 542, 2000 Ohio 475, 721 N.E.2d 1044 ("The attorney-client privilege, which covers records of communications between attorneys and their government clients pertaining to the attorneys' legal advice, is a state law prohibiting release of those records.") Additionally, this request is a duplicate of other requests previously submitted by Mr. Petrey to the CCPO with such records having already been provided. To the extent that there are records responsive to this request, they are attached and provided in documents A01 to A0295.**

3. "[A]ll of Prosecutor Andrew McCoy's most recent work product and notes that led him to the determination not to reopen Casey Pitzer's case." **Insofar as this is a request for the investigatory work product of an attorney with the CCPO, this request is denied pursuant to R.C. §§ 149.43(A)(2)(c) and (A)(4) and** *State ex rel. Cincinnati Enquirer v. Ohio Dep't of Pub. Safety*, **148 Ohio St.3d 433, 2016-Ohio-7987, 71 N.E.3d 258 (2016). Additionally, no records responsive to this request exist.**

4. "The meeting/debriefing that covered when he discussed the Casey Pitzer case with Chief Ron Cravens and or other justice officials. Please include the information, photos, and evidence, including videos that the City of Wilmington has provided to the Prosecutor's office." **CCPO does not possess or maintain any records responsive to this request. For clarification, CCPO staff have reviewed files and information provided by the Clinton County Coroner and Wilmington Police Department, but does not have or maintain such records in its custody or control.**

5. "[A]ll Grand Jury information for Casey Pitzer 2013 investigation. We know in 2013 that a subpoena for phone and telecommunication records was granted by Judge Tim Rudduck. See attached photos. However, no case numbers have been provided to myself or Greg Pitzer in the reports or the cords we have received. So we have no case numbers, only a name (Casey Pitzer) and a year (2013), the testimony, transcript, and phone/text records that were provided by the representatives for both TMobile and Verizon in the Clinton County Common Pleas court as stated in Wilmington's police report. See attached photos."

**This is a request for non-public grand jury records that are not subject to disclosure as public records pursuant to Ohio Crim.R. 6(E). *State ex rel. Parisi v. Heck*, 2nd Dist. Montgomery No. 25709, 2013-Ohio-4948 (Motion denied in *State ex rel. Parisi v. Heck*, 137 Ohio St. 3d 1450, 2013-Ohio-5764, 999 N.E.2d 703, 2013 Ohio LEXIS 3127 (Dec. 30, 2013)), *See also State ex rel. Beacon Journal Publishing Co. v. Waters*, 67 Ohio St.3d 321, 324, 1993 Ohio 77, 617 N.E.2d 1110 (1993)("matters before the grand jury" are exempt from the broad disclosure rights under R.C. 149.43). Records received in response to any grand jury subpoenas were received and maintained by the respective law enforcement agencies and not the CCPO.**

Insofar as your request does not identify a particular record or set of records, it is accordingly construed as a request for the CCPO to compile a list and thereby create a new record of the names of individuals, photos, videos, or documents. The Ohio Supreme Court has held that similar requests for such compilations are not disclosable records and recently held that "[r]equests for information and request that require the records custodian to create a new record by searching for selected information are improper requests under R.C. 149.43." *State ex rel. Griffin v. Sehlmeyer*, 166 Ohio St.3d 258, 2021-Ohio-3624, 185 N.E.3d 58, ¶ 5-6, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 867, N.E.2d 1208, ¶ 30.

In addition to the records provided to you in documents A01 to A0295 referenced above, our office is continuing to review if there are any additional records that are responsive to your requests and will provide such records when and if they become available. In the meantime, you are welcome to submit a new request for other records. Please contact our office if you have any questions or concerns, but please note that our office cannot provide legal advice pertaining to your records request.

Sincerely,

David E.S. Milender
Assistant Prosecuting Attorney

3 of 3

 Gmail

Darrell Petrey <darrell@wehelpothers.com>

---

## Clinton County Prosecuting Attorney's Office Public Records Response

**Darrell Petrey** <darrell@wehelpothers.com>                                          Sat, Nov 18, 2023 at 1:14 PM
To: "Milender, David" <dmilender@clintonctyprosecutor.com>
Cc: gregd.pitzer@gmail.com

David,

I am guessing that you are the attorney named "David" that Clinton County Coroner Investigator Gary Garrison was speaking to on the phone with on Wednesday when Greg Pitzer and I were there to inspect and copy records according to the Ohio Revised Code 149.43 (B)(1).

The reason I write is because I am wondering what law you stood on when you directed Gary Garrison to call the Sheriff's office on us for conducting official business, inspecting records, and requesting copies of those records?

What crime were we committing? Public servant Mr. Milender, I'd like for you to note that I would like to put in a public records request for that phone from Gary Garrison so I can hear you explain to Gary the grounds for instructing the police to be called. I have already been falsely arrested once, I don't appreciate you doing that to me. If you would please forward this request for phone records to your records custodian, that'd be great.

I plan on running for Commissioner, at least thinking about it anyways, and I am going to be coming up to inspect all kinds of records so you better just get used to it. You better direct the county offices to operate lawfully and according to the law or more lawsuits will be filed. If you unlawfully instruct the police to be called on us again, you will find yourself personally named in a lawsuit, guaranteed. I'm not putting up with being falsely arrested again or being in a position like you put me in by directed Gary to act unlawfully.

Just an FYI, Greg has found additional evidence of other missing records from the records he received yesterday through the subpoena. There are still MANY missing records from CCCO and MCCO, THAT ARE MISSING.

We should have a big on the record talk so we can get ALL the rest of the missing records together. A big man to man talk, you work for us, remember that. And if you don't remember that, I'll be sure to remind you of it. Having a round table meeting would make you not look so bad after claiming Greg has received everything, when he has NOT. If you truly think that Greg has everything, maybe you should drive your own butt over to that office and inspect the records yourself and then you'll see the missing records. Greg and his family are just going to file another claim, after claim, after claim if that's what it takes to get ALL his records from the corrupt goons of Clinton County who are illegally withholding his records. According to the Ohio Revised Code Section 2913.42: (A) No person, knowing the person has no privilege to do so, and with purpose to defraud or knowing that the person is facilitating a fraud, shall do any of the following:

(1) Falsify, destroy, remove, CONCEAL, alter, deface, or mutilate any writing, computer software, data, or record.

You as a county attorney directed Gary Garrison to break the law. Why do you do that David?

The page Greg submitted to court yesterday, a page that he finally received yesterday after 10 YEARS, proved vaginal, rectal, and oral swabs were performed on Casey and prove that lab work was done. Therefore there MUST BE corresponding reports as there was with the grass that was found on the drag hook on 3/20/13.

It's also very odd that your office sent me an email back in March stating Greg recieved Everything back then. But then we received new information yesterday that proves there's even more stuff. It has been lies stack on top of lies, stacked on top of more lies.

It's all coming to a head though. Please let me know when we can discuss the additional missing records that we have discovered yesterday, with this new found information.

Hope to here back soon,
Darrell

 Gmail

Darrell Petrey <darrell@wehelpothers.com>

---

## Clinton County Prosecuting Attorney's Office Public Records Response

---

**Milender, David** <dmilender@clintonctyprosecutor.com>                 Mon, Nov 20, 2023 at 8:39 AM
To: Darrell Petrey <darrell@wehelpothers.com>
Cc: "gregd.pitzer@gmail.com" <gregd.pitzer@gmail.com>

Good morning Mr. Petrey,

A little context would be useful following Friday's hearing in Common Pleas Court and your recent email. Can you please confirm whether you represent Mr. Greg Pitzer as his legal counsel?

Thank you,

**David E.S. Milender**

Chief Deputy Prosecuting Attorney – Civil Division

Clinton County Prosecuting Attorney

103 E. Main Street

Wilmington, OH 45177

(937)382-4559

dmilender@clintonctyprosecutor.com

The content of this message any attachments are confidential and may be privileged. If you have received it by mistake, please inform us by an email reply and then delete the message. Do not copy, forward, or in any way reveal the contents of this message to anyone.

---

**From:** Darrell Petrey <darrell@wehelpothers.com>
**Sent:** Saturday, November 18, 2023 1:15 PM
**To:** Milender, David <dmilender@clintonctyprosecutor.com>
**Cc:** gregd.pitzer@gmail.com
**Subject:** Re: Clinton County Prosecuting Attorney's Office Public Records Response

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

[Quoted text hidden]

16

 Gmail

Darrell Petrey <darrell@wehelpothers.com>

## Clinton County Prosecuting Attorney's Office Public Records Response

Darrell Petrey <darrell@wehelpothers.com>                                   Mon, Nov 20, 2023 at 9:17 AM
To: "Milender, David" <dmilender@clintonctyprosecutor.com>
Cc: "gregd.pitzer@gmail.com" <gregd.pitzer@gmail.com>, ncholbrook@fbi.gov

David,

Don't be silly. Obviously I'm not an attorney, therefore I DO NOT and CANNOT represent anyone but myself. But Greg is
missing his writing/typing hand. Therefore he has signed over legal POA so that I can help him with "other relief" as it
states in the Ohio Power of Attorney Act under section 1337.53. He is handicap, he needs assistance, he is missing a
hand, and I believe the judge recognized that as he should have according to the Ohio Disability Act.

If you would have listened to the judge, he referred to me as Greg's assistant, NOT AN ATTORNEY. I also tried to explain
to the judge that i was NOT an attorney and he recognized that. I was invited by the judge and the bailiff to come forward
and sit with Greg to assist him, because he is disabled. Other similar names you can refer to me as would include, friend,
acquaintance, fact finder, or advocate.

Now back to my records request public servant. I am requesting the phone call that was made to you from Gary Garrison.
The call where you told Gary to call the police, after I quoted the state law ORC 149.43 (B)(1) to you on the phone.

Now it's your turn to add some context. Why did you tell Gary Garrison to call the police on us for conducting official
business, requesting to inspect and copy, GREG's RECORDS, during reasonable times and during regular business
hours, as stated in ORC 149.43.

Maybe you should view and absorb the facts in the attached video which informs YOU, a government official, who public
records belong to. That's coming from Dave Yost, the Ohio Attorney General, your boss. You are a government official that
the records DO NOT belong to. Gary Garrison is a government official that the records DO NOT belong to. So why do you
and Gary ILLEGALLY withhold the records from Greg Pitzer and I like they belong to you?

When will my copy of the phone call that you had with Gary Garrison be ready? According to the ORC a reasonable
amount of time is defined as the amount of time it takes to locate the record, to determine if it is requested record is public
(which my request is), and the time it takes to produce the record. So please have that ready for me ASAP, it should not
take very long.

Please email that phone call, aka MY PUBLIC RECORD, to me.

Thanks for your understanding,

Darrell
[Quoted text hidden]

---

🗋 **IMG_0.MOV**
4972K

 Gmail

Darrell Petrey <darrell@wehelpothers.com>

---

## Clinton County Prosecuting Attorney's Office Public Records Response

**Darrell Petrey** <darrell@wehelpothers.com>                    Mon, Nov 20, 2023 at 9:39 AM
To: "Milender, David" <dmilender@clintonctyprosecutor.com>
Cc: "gregd.pitzer@gmail.com" <gregd.pitzer@gmail.com>, ncholbrook@fbi.gov

David,

Also, shouldn't you as the assistant prosecutor be more worried and concerned about the crime of felony perjury that was committed right next to you in the Common Pleas Court when the Chief was lying about the lab results of the grass, among several other lies? All done under the color of law? Also you shouldn't you be concerned with ALL the missing evidence that Chief Fithen admitted to right in front of you! Isn't that Tampering with Evidence and Records according to the Ohio Revised Code section 2921.12 and 2913.42?

Aren't you a prosecuter?

Are you ok with all the crimes that you now know about? Tampering with evidence and perjury from Brad Reynolds and Ron Fithen, undocumented injuries, murder, cover up, and things like that?

Or are you one of those hear no evil, see no evil, and speak no evil prosecutors? If you missed all the lies and admitted crimes, here it is the audio link below:

https://drive.google.com/file/d/12NGZsigIQPXJUUtPxvf5e7gsaqB-KlUQ/view?usp=drivesdk

Go ahead and be sure to add the entire audio that I have enclosed in the link above to the CCPO's file on the "Casey Pitzer". Some honest answers without any deflection would be great. Please let's stay focused on Greg, his deceased daughter, and the records that belong to him that he's been waiting on for over 10 years.

Thanks,
Darrell

*18*

 Gmail

Darrell Petrey <darrell@wehelpothers.com>

## Clinton County Prosecuting Attorney's Office Public Records Response

**Darrell Petrey <darrell@wehelpothers.com>**                                   Mon, Nov 20, 2023 at 11:01 AM
To: "McCoy, Andrew T." <amccoy@clintonctyprosecutor.com>, "Milender, David" <dmilender@clintonctyprosecutor.com>,
"Shoemaker, Kelly L." <KShoemaker@clintonctyprosecutor.com>
Cc: CA22 Jack Rose <aircav68@yahoo.com>, CA26 Kim Spurlock <spurlock_plumbing1@yahoo.com>, Drew Wood
<drew.wood@ohioago.gov>, Faith McLemore <Faithmclemore1205@gmail.com>, James Lowe <james.lowe@ohioago.gov>,
Marina Waynoka <Waynokamarina@yahoo.com>, Seth Kestner <Seth.Kestner@ohioago.gov>, WConner02@gmail.com,
albert_mckay@yahoo.com, "gregd.pitzer@gmail.com" <gregd.pitzer@gmail.com>, ncholbrook@fbi.gov,
pdaley45113@gmail.com, tony thomas <madmax8541@hotmail.com>, ashtenturner@icloud.com, CA2 Helen Walker
<kierzdyn1@gmail.com>, Andjusticeforall2424@gmail.com, "Woods, Brenda K." <Woods.Brenda@clintoncountyohio.us>,
"Steed, Kerry R." <Steed.Kerry@clintoncountyohio.us>, "McCarty, Mike" <McCarty.Mike@clintoncountyohio.us>,
jrankin2@yahoo.com, Ca1 <Ecollins0074@gmail.com>, "juliecollins993@gmail.com" <Juliecollins993@gmail.com>,
jpatty5252@aol.com, longstreth.jeannie@clintoncountyohio.us, farm4lambs@yahoo.com, Nita Lambcke
<nita@jslhomerepair.com>, Greg Pitzer <gregpitzer621@gmail.com>

David,

Do you like Hot 🌶 sweet potatoes for Thanksgiving?

Because I want to formally report to you, David Milender, many, many serious crimes. Please review all the information in
these links below, and get back with me. Be sure to add ALL THIS EVIDENCE to the appropriate file and report these
crimes to the appropriate agency to ensure the safety and protection of the citizens. I want to let the public know, that you
know, and that this information has been sent to your public email.

1. Casey Pitzer Justice File:

https://drive.google.com/drive/folders/1FEUwGA-qy3zsZYaUs66N3sSmyv3P4vwF

2. Photos of Undocumented Injuries to Casey:

https://drive.google.com/drive/folders/11WNvO5tDxA6BA4v-zbjqQGpZLr7PJndo

3. Casey Pitzer case TikTok video evidence:

https://www.tiktok.com/@justiceforcaseypitzer

4. Marvin Andy Napier Evidence:

https://docs.google.com/presentation/d/1Nh5qb7kMJdLii9-hg6le24N_cR4n3mWB83011NELbKl/edit

5. The Andy Napier Justice File:

https://drive.google.com/drive/folders/1-KSd0xguv1RBtDPcCJrO8WZsKJiGn2yT

6. The exact type of forensic scientist that Brett Rudduck told me 11 times to hire, Erich Speckin of 4n6.com stating the
officers lied about how Andy Napier died in custody:

https://drive.google.com/file/d/1omw8_D4kwGIwDxtVA6OWCcMvvKQEX1lh/view?usp=drivesdk

7. Did you know David that I am the only person to record the eye witnesses who witnessed Andy Napier's 2019 in
custody death? Hear the audio of eye witness Roger Tucker.

https://drive.google.com/file/d/1m2S9-vm63qvl5XRILsYjVh_wpyQpUNs2/view?usp=drivesdk

8. Did you know CCSO Doug Eastes is running for sheriff? And that he investigated his very own informant's in-custody
death according to Andy Napier's brother? And that he and his boss, the Sheriff, are speechless about all the evidence
stacked against them? Andy's brother says Doug even likes to strip search unsuspecting grown men inside of vehicle and
after they talk.

https://drive.google.com/drive/folders/1a4iYBxQHPk-9VoXtVvZLu1UW_oGyAMLk

9. David, since when is the smaller hole the exit wound in a situation when someone is said to have shot themself in the head with a gun?

Please see the Shelton Carpenter Justice file and the enclosed poll results to see what the cake would taske like. That should give you a feel of what a jury would think.

https://drive.google.com/drive/folders/123rjPed80n4aGKv6gX30aioBMnyddXKE

10. Also I really thought it was odd that several videos of the uncharged suspects were released to the family of Andy Napier, but the video of the uncharged suspects in the Casey Pitzer case cannot be released and cannot even be transcribed according to you and the law? Can you decipher as to why the Napier family gets the same type of records that you deny the Pitzer family of? This is the same county these deaths occurred in. Please advise.

See videos released of Napier case uncharged suspects here:

Video #1: https://drive.google.com/file/d/16csf9kmMd4dXkbiLzBxOQszGRSybvFl5/view?usp=drivesdk

Video#2: https://drive.google.com/file/d/13K9gtHUYrAhRxkBA81ZXg4ZROdtJ_OCj/view?usp=drivesdk

Please digest all of the Hot Potatoes in the links above for Thanksgiving and make sure the information gets reported to the right place and to the appropriate agencies. I will circle back with you to see if you were able to 1. Open and Review everything 2. If you added the attached information to the CCPO's files 3. If you reached out and contacted the appropriate authorities 4. And ultimately if you did the right thing with these Hot Potatoes that are located in the links above and that you now hold.

So please David, be sure to answer the question, why can the Naper family get the unredacted videos of the several uncharged suspects, but the Pitzer family can't even get redacted videos or the video redacted and transcribed on paper? Isn't the balance of law and rule supposed to be equal for citizens and their families? If there isn't anything to hide, what's the big fuss about? Please explain in detail David.

Also, I added some witnesses to this email. We citizens love us some transparency when it comes to our public servants and their duties. Please be sure to uphold your Oath to office and your duties. You certainly don't want this skeleton in your closet. Please get back with me when you digest this information and your Thanksgiving dinner.


Have a hap-hap-Happy Thanksgiving,
Darrell


[Quoted text hidden]

# DISPATCHED EVENT SUMMARY

Page 1 of 3 | Printed: 04-05-2024 07:43:41

## CALL INFORMATION

| Event Number | Nature Code | |
|---|---|---|
| #CCSO23-13831 | | DC - DISORDERLY CONDUCT |

| Agency | Group | Response Code |
|---|---|---|
| CCSO - CLINTON COUNTY SHERIFF'S OFFICE | CCSO - CLINTON COUNTY SHERIFF'S OFFICE | |

| Time | CALL TAKER | CALL TAKER WORKSTATION | Class of Service | OOJ |
|---|---|---|---|---|
| 11-15-2023 15:18:34 | JBREWER | CCSO-CAD1 | P | FALSE |

| DISPATCHED DATE/TIME | DISPATCHER | DISPATCHER WORKSTATION | Origin Code |
|---|---|---|---|
| 11-15-2023 15:22:21 | JBREWER | CCSO-CAD1 | |

| CLEARED DATE/TIME | CLEARED USER | CLEARED WORKSTATION | PRIORITY |
|---|---|---|---|
| 11-15-2023 15:56:41 | JBREWER | CCSO-CAD1 | 1 - 1 |

| CANCELLED DATE/TIME | CANCELLED USER | CANCELLED WORKSTATION | Call Status |
|---|---|---|---|
| | | | FC - See Field Contact |

## Location

| ADDRESS | OVERRIDE | TOWNSHIP |
|---|---|---|
| 1850 DAVIDS DR, WILMINGTON, OH 45177 | FALSE | |

| LOCATION NOTES | | Grid |
|---|---|---|

| CROSS STREET 1 | CROSS STREET 2 | LATITUDE | LONGITUDE |
|---|---|---|---|
| SR 134 S | MARINE DR | 39.4180657291139 | -83.8197660807203 |

| ESN | GEO CODE | DOT # | MAP PAGE | HYDRANT | MILE POST | PLACE |
|---|---|---|---|---|---|---|
| 5110 | | | | | | |

## RESPONSES

| Law SubBeat | Law Beat | Law Other | PD JURISDICTION | |
|---|---|---|---|---|
| WPD | WPD | WPD | | WILMINGTON |

| Fire SubDistrict | Fire District | FD JURISDICTION | RESPONSE | LEVEL |
|---|---|---|---|---|
| D1 Z1 | WFD1 - WILMINGTON FIRE | WILMINGTON | | |

| EMS | | METHOD | EPD | EFD | EMD |
|---|---|---|---|---|---|
| 1 | | | | | |

## PERSON 1

| NAME | TYPE | Origin Code |
|---|---|---|
| GARRISON, GARY | PC | T - 10-DIGIT CALL |

| ADDRESS | PHONE 1 |
|---|---|

| DATE OF BIRTH | SSN | Sex | HEIGHT | HAIR | PHONE 2 |
|---|---|---|---|---|---|

| DL STATE | DL # | Race | WEIGHT | EYES | CONTACT METHOD |
|---|---|---|---|---|---|

PERSON NOTES

PERSON LOCATION NOTES

## CALL DESCRIPTION

| NOTE | 11-15-2023 15:20:33 | JBREWER CCSO-CA | TWO MALE SUBJECTS BEING DISORDERLY IN HIS OFFICE DEMANDING RECORDS |
|---|---|---|---|
| NOTE | 11-15-2023 15:20:39 | JBREWER CCSO-CA | 1433 WAS ADVISED |
| NOTE | 11-15-2023 15:20:43 | JBREWER CCSO-CA | 1411 WAS ADVISED |
| NOTE | 11-15-2023 15:24:47 | JBREWER CCSO-CA | UNIT 1434 STATUS CHECKED BY DISPATCHER |
| NOTE | 11-15-2023 15:28:11 | JBREWER CCSO-CA | UNIT 1434 STATUS CHECKED BY DISPATCHER |
| NOTE | 11-15-2023 15:31:40 | JBREWER CCSO-CA | UNIT 1434 STATUS CHECKED BY DISPATCHER |
| NOTE | 11-15-2023 15:35:06 | JBREWER CCSO-CA | UNIT 1434 STATUS CHECKED BY DISPATCHER |
| NOTE | 11-15-2023 15:35:21 | JBREWER CCSO-CA | 1434 NO FURTHER CHECKS NEEDED |
| QUERY | 11-15-2023 15:44:49 | JBREWER CCSO-CA | DRIVE RECORD BY |
| QUERY | 11-15-2023 15:45:14 | JBREWER CCSO-CA | DRIVE RECORD BY |
| ALERT | 11-15-2023 15:46:25 | SYSTEM CCSO-CA | CALL ALERT _ PER 1402 SEND TWO UNITS WHEN DEALING WITH DARYL PETREY |
| NOTE | 11-15-2023 15:53:14 | JSMITH CCSO-CF5 | 1411, UNITS RESPONDED AND MET WITH THE CALLER GARRISON, GARY. HE ADVISED THAT PITZER, GREGORY D (06/01/1956) AND DARYL PETREY WERE IN THE COMMISSIONERS OFFICE CAUSING ISSUES AND WOULD NOT LISTEN TO HIM WHEN HE TOLD THEM THAT THEY COULD NOT HAVE PAPERWORK AT THIS TIME. MR. GARRISON ADVISED THEM THAT HIS ATTORNEY TOLD HIM NOT TO RELEASE THE PAPERWORK AT THIS TIME. I ATTEMPTED TO EXPLAIN TO DARYL AND GREGORY THAT THIS WAS AN ISSUE TO BE SETTLED IN COURT |

## DISPATCHED UNITS

| AGENCY | UNIT | OFFICER | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DISP | EN ROUTE | ON SCENE | PATIENT CONT | ENR TO HOSP | AT HOSP | LEAVE HOSP | TRANS START | TRANS ARRIVE | TRANS COMPLT | RTN TO QRTRS | AVL ON SCENE | IN QRTRS | CLEAR | MINS |
| CCSO | | 1434 | 1434 - SMITH, TIM | | | | | | | | | | | |
| 15:22:21 | 15:22:21 | 16:22:21 | | | | | | | | | | | 15:56:36 | 34 |
| CCSO | | 1433 | 1433 - BAILEY, AUSTIN | | | | | | | | | | | |
| 16:22:38 | 15:22:41 | 16:23:52 | | | | | | | | | | | 15:54:44 | 32 |
| CCSO | | 1411 | 1411 - SMITH, JOSHUA | | | | | | | | | | | |
| 15:23:22 | 15:23:24 | 15:24:44 | | | | | | | | | | | 15:51:54 | 29 |

## REPORTS

| AGENCY | UNIT | Report Number | AUTHOR | TYPE | SYSTEM | DATE CREATED | RPT CANC |
|---|---|---|---|---|---|---|---|

## SUPPLEMENTAL EVENT DATA

Page 2 of 3 — Printed: 04-05-2024 07.43.41

**Event Number** #CCSO23-13831

**PERSON 2**

| NAME | PITZER, GREGORY D | | | | | TYPE | S | Origin Code |
|---|---|---|---|---|---|---|---|---|
| ADDRESS | 116 COMMONS LN, WILMINGTON, OH 45177 | | | | | PHONE 1 | | |

| DATE OF BIRTH 06-01-1956 | SSN | Sex M | HEIGHT 600 | HAIR BROWN | PHONE 2 |
| DL STATE OH | DL # | Race | WEIGHT 190 | EYES HAZEL | CONTACT METHOD |

PERSON NOTES

PERSON LOCATION NOTES

**PERSON 3**

| NAME | PETREY, WILLIAM DARRELL | | | | | TYPE | S | Origin Code |
|---|---|---|---|---|---|---|---|---|
| ADDRESS | 5514 STATE ROUTE 350, CLARKSVILLE, OH 45113 | | | | | PHONE 1 | | |

| DATE OF BIRTH 06-10-1980 | SSN | Sex M | HEIGHT 600 | HAIR BROWN | PHONE 2 |
| DL STATE OH | DL # | Race | WEIGHT 235 | EYES BROWN | CONTACT METHOD |

PERSON NOTES

PERSON LOCATION NOTES

## SUPPLEMENTAL EVENT NOTES

Page 3 of 3

Printed: 04-05-2024 07:43:41

| Event Number | | |
|---|---|---|
| | #CCSO23-13831 | |

CALL DESCRIPTION (continued)

AND WE COULD NOT MAKE ANYONE GIVE ANYONE PAPERWORK TODAY. DARYL AND GREGORY STILL WOULD NOT LISTEN AND CONTINUED TO BE RUDE AND TALK OVER EVERYONE. UNITS STOOD BY UNTIL DARYL AND GREGORY LEFT THE BUILDING SO THERE WOULD BE NO ESCALATION OF THE SITUATION.

NOTE   11-15-2023 15:53:26   JSMITH   CCSO-CF5   1411, STATUS:FC, COMMENTS: INCIDENT DOCUMENTED.

NOTE   11-15-2023 15:54:40   TSMITH   CCSO-CF5   1434, RESPONDED AND MET WITH COMP GARRISON, GARY, HE STATED THAT DARRELL PETREY AND GREG PITZER WERE IN THE CORONER'S OFFICER DEMANDING RECORDS AND BEING DISORDERLY AND ARGUMENTATIVE AFTER HE REFUSED OT PROVIDE THEM WITH RECORDS, HE SAID THEY HAD LEFT AND BELIEVED THEY WERE STILL IN THE BUILDING HOWEVER HE WAS UNSURE WHERE THEY WERE, LOCATED THEM COINING OUT OF COMMISSIONERS OFFICE AND STOOD BY AS SGT JOSH SMITH SPOKE WITH THEM, THEY WERE ARGUMENTATIVE AND REFUSED TO LISTEN TO WHAT SGT SMITH WAS ATTEMPTING TO EXPLAIN TO THEM THAT CCSO COULD NTO FORCE COMP TO RELEASE ANY RECORDS TO THEM, ESCORTED THEM OUT OF THE BUILDING AS THEY CONTINUED TO ARGUE AND DISRESPECTFUL TOWARD CCSO UNITS AND WERE RECORDING UNITS STATING THAT WE WERE NTO UPHOLDING THE LAW, DARRELL WAS RECORDING UNITS AND STATING THAT CCSO UNITS WAS WALKING "THE WALK OF SHAME" AS THEY LEFT THE BUILDING. 1850 DAVIDS DR 11/15/2023 15:18 UNIT #1434

NOTE   11-15-2023 15:55:44   ABAILEY   CCSO-CF5   1433, RESPONDED TO 1850 DAVIDS DR AND MADE CONTACT WITH COMPLAINANT, GARRISON, GARY, AND DEPUTY T. SMITH WHO ADVISED THAT PETREY, WILLIAM DARRELL (08/10/1980) AND PITZER, GREGORY D (06/01/1956) WERE AT THE OFFICE DEMANDING RECORDS. GARY ADVISED THAT HE TOLD THE SUBJECTS HE COULD NOT RELEASE THE RECORDS AND THEY BECAME DISORDERLY. UNITS MADE CONTACT WITH WILLIAM AND GREGORY WHO WERE STILL INSIDE THE BUILDING LIVE STREAMING TO WILLIAM'S FACEBOOK GROUP. HE SPOKE WITH SGT. J. SMITH AND PRESENTED HIM WITH A PIECE OF PAPER AND ADVISED THAT PER THE LAW HE WAS ENTITLED TO THE RECORDS. WILLIAM AND GREGORY THEN LEFT THE BUILDING VOLUNTARILY. BOTH SUBJECTS WERE DISORDERLY.

NOTE   11-15-2023 15:56:02   ABAILEY   CCSO-CF5   1433, STATUS:FC, COMMENTS: INCIDENT DOCUMENTED.

**To View/Hear Exhibit 20 - Audio Recording of Coroner Investigator Gary Garrison's call to law enforcement at Defendant's direction; see, copy, & paste Google Drive Share Link in browser search:**

https://drive.google.com/file/d/1NQAkX71bokwzRuRzGVmb9N2Ad6wWFnOa/view?usp=sharing