IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| WILLIAM DARRELL PETREY, | : | Case No. 1:25-cv-431 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| DAVID MILENDER, ESQ., | : | |
| Defendant. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 30)**

This matter is before the Court on the Report and Recommendation (the "Report") (Doc. 30) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). Plaintiff seeks to supplement his First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(d). (*See* Motions, Doc. 23, 25.) The Report recommends that this Court deny Plaintiff's Motions. (Report, Doc. 30.) Plaintiff submitted timely Objections (Doc. 31), and Defendant responded to the Objections (Doc. 32). Thus, the matter is ripe for the Court's review. For the following reasons, the Report (Doc. 30) is **ADOPTED** in its entirety and Plaintiff's Motions (Docs. 23, 25) are **DENIED**.

Plaintiff's first and third Objections are related, and so the Court examines them together. Plaintiff first objects to the Report's application of an "incorrect and unduly narrow relevance standard." (Objections, Doc. 31, Pg. ID 963.) On this point, the Report highlighted that Plaintiff "clearly states that he does not wish to change the claims or

parties established" in the First Amended Complaint. (Report, Doc. 30, Pg. ID 956; *see also* Motion, Doc. 23, Pg. ID 409.) The Report points out, though, that the exhibits with which Plaintiff seeks to supplement his pleading are "not clearly tied to" his existing claims against Defendant. (*Id.*) Plaintiff argues in both his first and third Objections that the supplemental exhibits are tied to his claims because they provide evidence of parties withholding documents related to Defendant. (Objections, Doc. 31, Pg. ID 963-64.) But, Report finds — and Defendant reiterates in his Response — that none of the parties in these exhibits were mentioned in Plaintiff's First Amended Complaint; accordingly, Plaintiff should not be given leave to supplement his pleading. (Report, Doc. 30, Pg. ID 956; Response, Doc. 32, Pg. ID 984.) In reaching this conclusion, the Report noted that "it would be unduly prejudicial to allow this supplementation, which would confuse the issues presented in [P]laintiff's case." (Doc. 30, Pg. ID 956 (collecting cases).)

To be sure, Plaintiff's First Amended Complaint alleges that Defendant, as county prosecutor in Clinton County, withheld public records from Plaintiff and retaliated against him as a result of Plaintiff's records request and efforts to report misconduct. (First Am. Compl., Doc. 5.) Examining the proposed supplemental pleadings, part of Plaintiff's numerous exhibits allege that CORSA, Clinton County's insurer, has created conflicts of interest and obstructed access to evidence and public records in connection with the case for which Plaintiff had initially requested records from Defendant. (Motion, Doc. 23, Pg. ID 397-99.) The exhibits also attempt to allege that an attorney who was appointed a special prosecutor in connection with a citizen affidavit made against Defendant has many connections with the law firm representing Defendant here. (*Id.* at

2

Pg. ID 398.) Further, the exhibits purport that CORSA had a motive to avoid paying claims related to the county officials' liability. (Motion, Doc. 25, Pg. ID 673-74.) While Plaintiff argues that a connection exists between his supplemental exhibits and his existing claims, "[a] court may deny a motion to supplement where it contains a new legal theory, not just events that occurred after the complaint." *Diamond Electric, Inc. v. Knoebel Construction, Inc.*, No. 5:16-023, 2016 WL 6518625, at *2 (E.D. Ky. Nov. 2, 2016) (quoting *Koukios v. Ganson*, 229 F.3d 1152 (Table) (6th Cir. 2000)) (cleaned up). Further, Rule 15(d) "does not allow daisy-chaining of unrelated events into a single lawsuit. *Cage v. Harry*, No. 1:09-CV-512, 2010 WL 1254562, at *1 (W.D. Mich. Mar. 26, 2010).

After review, the Court agrees with the Report. None of these proposed exhibits support the existing legal theories and claims in Plaintiff's First Amended Complaint; rather, they bring in new parties and allege new misconduct by those parties. Meanwhile, the First Amended Complaint only acknowledges alleged misconduct of Defendant. Indeed, the Report correctly finds that these exhibits are not relevant to Plaintiff's claims and including them would unduly prejudice Defendant and confuse the claims that are at issue in this case. Plaintiff's First and Third Objections are overruled.

Plaintiff next objects to the Report because it "faults Plaintiff for not adding additional defendants while simultaneously excluding evidence explaining why additional defendants cannot yet be identified." (Objections, Doc. 31, Pg. ID 964.) Yet, the Court disagrees with this characterization of the Report. The Report does not fault Plaintiff for his failure to add new parties; instead, it points out that Plaintiff specifically stated that he was not intending to add new parties or claims with his supplementation.

3

(Report, Doc. 30, Pg. ID 954.) The Report notes this because it establishes that, without the addition of new claims, any supplemental pleading must relate only to the existing claims and parties. There is no "catch-22," as Plaintiff argues; since Plaintiff does not seek to add new parties, he can only supplement his pleading under Rule 15(d) to the extent it is tied to his existing claims. *See Koukios*, 229 F.3d at 1152; *see also Bormuth v. Cnty. Of Jackson*, No. 2:13-CV13726, 2015 WL 13661713, at *1 (E.D. Mich. July 22, 2015). Plaintiff's second Objection is thus overruled.

Plaintiff's fourth Objection states that the Report improperly applies Federal Rule of Civil Procedure 8, which requires that a pleading provide a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* Objections, Doc. 31, Pg. ID 965; Report, Doc. 30, Pg. ID 956; Fed. R. Civ. P. 8(a)(2).) Plaintiff argues that, although he styled his Motions as pleadings, he did not intend for them to address new causes of action, but instead to explain why records were withheld. But, the Court is not persuaded by this Objection. As the Supreme Court explained, the "short and plain statement" requirement is intended to "give the defendant fair notice of what the […] claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And, as courts have found in the past, proposed supplemental pleadings can indeed violate Rule 8. *See Sroka v. Wal-Mart Stores East LP*, No. 2018 WL 8621212, at *6 (E.D. Mich. Apr. 9, 2018). Specifically, a proposed supplement that is "neither short, nor plain, nor […] show[s] that Plaintiff is entitled to relief with respect to [his] additional allegations" violates Rule 8. *Id.* As the Report notes, Plaintiff's "several new filings" violate Rule 8's instruction. The Court agrees. The exhibits with which Plaintiff seeks to supplement his

First Amended Complaint are neither short nor plain, and nor do they show why "Plaintiff is entitled to relief with respect to" her existing allegations, as they are unrelated. *Id.* The fourth Objection is also not well-taken.

Plaintiff next takes issue with the Report's note that he did not file a reply. (Objection, Doc. 31, Pg. ID 966.) First, the Court notes that, to the extent Plaintiff objects to this finding of fact, the record is undisputed that he did not file a reply to support his Motions. Second, the Court finds that the Report mentions the lack of reply not to support denial of Plaintiff's Motions, but simply to establish for the record that the Motions are ripe for review, as is the practice of this Court and many courts. This Objection is also overruled.

Finally, Plaintiff's sixth Objection argues that the Report fails to apply the liberal supplementation standard under Rule 15(d). Plaintiff is correct that, under Rule 15(d), courts generally have "proceeded under the assumption that leave to supplement should be freely given." *Sunless, Inc. v. Selby Holdings, LLC*, No. 3:20-CV-930, 2021 WL 3513871, at *3 (M.D. Tenn. Aug. 10, 2021) (cleaned up). But, this assumption does not mean that a party can supplement as a matter of course. *Id.* at *2. Courts maintain "broad discretion" in allowing supplemental pleadings, and the courts in the Sixth Circuit must consider several factors before granting a Rule 15(d) motion, including the relatedness of the original and supplemental pleadings and whether the supplement would impose undue prejudice on the opposing party. *Jones v. State*, No. 3:23-CV-1033, at *2 (M.D. Tenn. Oct. 30, 2024). The Report noted that motions for leave to supplement should be liberally granted, but nevertheless considered these factors and found that they weighed against

5

granting Plaintiff leave to supplement. And the Court agrees. Thus, the Court does not find Plaintiff's sixth Objection well-taken, either.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 30) in its entirety. Plaintiff's Motions to Supplement (Docs. 23, 25) are **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND